AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District FOR THE SOUTHERN DISTRICT OF TEXAS |
|---|---|

| Name of Movant: JESUS JAVIER VEGA-OLVERA | Prisoner No. 66179-079 | Case No. B-99-0020 |
|---|---|---|

Place of Confinement: Cibola County Correctional Center Milan, New Mexico. 87021

UNITED STATES OF AMERICA     V.     Jesus Javier Vega-Olvera
(name under which convicted)

**CIVIL ACTION**     MOTION     **B-01-044**

FILED MAR 19 2001
Michael N. Milby
Clerk of Court

1. Name and location of court which entered the judgment of conviction under attack: U.S. Distrct Court Southern District of Texas: 600 E. Harrison St. Brownsville, Texa.78520

2. Date of judgment of conviction: October 15, 1999

3. Length of sentence: 59 Months

4. Nature of offense involved (all counts): 8 U.S.C. 1326 (a) and (b) 2
   Illegal Re-entry

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☒
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   Guilty Plea to one Count Indictment

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☒

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(1)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court __United States Court of Appeals for the 5th. Circuit__

   (b) Result __Attorney File Anders v. California Brief__

   (c) Date of result __June 16, 2000__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
   Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __N/A__

      (2) Nature of proceeding __N/A__

      (3) Grounds raised __N/A__

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☒

      (5) Result __None__

      (6) Date of result __None__

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court __N/A__

      (2) Nature of proceeding __N/A__

      (3) Grounds raised __N/A__

(2)

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐      No ☒
(2) Second petition, etc.    Yes ☐      No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(3)

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: __Denial of Effective Assistance of Counsel__

Supporting FACTS (state *briefly* without citing cases or law)

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) __See Attached Brief__

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐     No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a) At preliminary hearing _____

   _____

   (b) At arraignment and plea  <u>Sandra Zamora Zayas, A.F.P.D., 600 E. Harrison St.</u>

   <u>#102 Brownsville, Texas 78520</u>

   (c) At trial _____

   _____

   (d) At sentencing  <u>Sandra Zamora Zayas, A.F.P.D., 600 E. Harrison St.</u>

   <u>Brownsville, Texas 78520</u>

(5)

AO 243 (Rev. 2/95)

(e) On appeal  Roland E. Dahlin II  F.P.D. Lyric Office Center P.O. Box 61508 Houston, Texas. 77208

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐        No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐        No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3-6-2001
(Date)

_Jesus J Vega_
Signature of Movant

(6)

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA     CASE No. B-99-00201-01

v.

JESUS JAVIER VEGA-OLVERA

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO: 28 U.S.C.A. 2255

### INTRODUCTION

**Comes Now Defendant JESUS JAVIER VEGA-OLVERA and respectfully moves this Honorable Court pursuant to 28 U.S.C. 2255 to reduce his sentence by 2 point.**

    He justifies this downward departure on grounds that counsel failed to argue that Defendant's ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court.

    Defendant asserts that the disparate sentences that result between alien and American inmates as a consequence of immigration detainers lodged automatically an alien's Bureau of Prison (BOP) file constitute a violation of equal protection under the law Const. Amend.14.

## **STATEMENT OF THE FACTS**.

Defendant is a native of Mexico, on June 30, 1999 The Defendant pled guilty to charges of <u>Illegal Re-Entry,</u> Violation pursuant to 8 <u>U.S.C.</u> 1326 (a) and 1326 (b).

Defendant thus became automatically deportable pursuant to 8 U.S.C. 1227(a)(2)(A)(iii) and 1110(a)(43).

The pre-sentence report (PSI) clearly states that Defendant could be deported as a result of his conviction…and counsel was well aware that Defendant was an alien. In spite of this, counsel failed to raise the issue of deportability as a mitigating circumstance at sentencing. Defendant claims that this prejudicial omission by counsel constitutes a performance below the accepted professional standards which warrant resentencing

## **LAW AND ARGUMENT**

1. <u>Prejudicial Error</u>

Pursuant to <u>United States v. Gaither,</u> 1 F.3d. 1040(10TH.Cir.1993), trial courts may property depart downward from sentencing guideline of Sentencing Commission did not account for mitigating factors in <u>United States v. Smith,</u> 27 F.3d.649 (D.C.1994)(the defendant's ineligibility for pre-release custody and minimum security confinement as a result of his status as a deportable alien constituted a mitigation factor to be considered by the trial court). See also <u>United States v. White,</u> 71 F.3d.920,922(1995) (trial court granted defendant six month downward departure in accordance with <u>Smith</u> because defendant was an alien and accepted deportation, giving up his right to appeal,)and <u>United States</u>

v.Aqu. 763 F.Supp.703(1991)(Trial Court departed downward to account for mitigating circumstances stemming from consequences of alien defendant's accepting deportation).

The United States Sentencing Commission did not consider that the impact of a defendant's status as a deportable alien would beget him harsher treatment by the Bureau of Prison U.S. v. Aderson,82 F.3d.436,439 (D.C. Cir.1996). In citing U.S. v. Smith, 27 F.3d.649 (D.C.Cir.1994), the Anderson the court said:

**"In that case, holding that a downward departure was permissible where defendant would serve his sentence under harsher conditions solely because he was a deportable alien, neither the majority nor the dissent could find any suggestion that the Commission had considered that circumstances at all in establishing the guideline".**

ANDERSON,82 F.3d.at 438.

In Smith, the court carefully analyzed the Bureau of Prison approach to determining whether a deportable alien may be eligible for "community confinement" (halfway house) for the last ten percent of his sentence and whether he might be designated to a minimum security facility for the last ten percent of his sentence. Smith 27 F.3d. at 654. The court concluded that a downward departure may be precluded from these benefits. Id. at 655.

Although the Eleventh Circuit has taken a contradictory approach to this issue in U.S. v. Veloza. 83 F.3d. 380,382 (11TH Cir.1996),the conflict among circuits creates the need to consider this matter further. The Veloza court relies on U. S. v. Restrepo, 999 F.2d. 640,644 (2d.Cir.1993). Also see U.S.v.Ebolum,72 F.3d.35 (6TH.Cir.1995);and U. S. v. Mendoza-Lopez,7 F.3d. 1483(10TH.Cir.1993):

As the Smith court noted,

-3-

"Restrepo was followed without further explanation in U. S. v. Mendoza-Lopez, 7 F.3d. 1483,1487 (10TH. Cir. 1993), and in U. S. v. Nnanna, 7 F.3d.420(10TH. Cir.1993); U. S. v. Alvarez-Cardenas, 920 F.2d.734 (9TH. Cir.1990), rejected a defendant's unexplained claim that his status as a deportable alien was grounds for a downward departure. In that context, the court indeed observed that the mere fact of deportability did not render his crime serious or speak to his character. Id.at737.Thus, Lara [905 F.2d.599 (2d. Cir.1990)]1, and its sequelae appeared to be the only cases expressly addressing the issue of the departures for circumstances that accidently lead to an increase in the objective severity of defendant's conditions of incarceration. Cf. Dissent at 668.

Smith, 27 F.3d. at 655, n.6. In other words, the Ninth and Tenth Circuits have held that the fact that someone is deportable is not, in and of itself, a basis for downward departure. However, they have neither explained why nor delved into the facts of this case. Only the Second Circuit has, in Lara.

Ultimately relying on U.S.S.G.,Ch.1,Pt.A, 4(b) and 18 U.S.C.3553(b), the Smith court soundly rejected the reasoning of Restrepo and by inference Veloza. In 18 U.S.C. 3553(b), Congress directed that:

> **"The court shall impose a sentence of the kind, and within the range referred to in subsection (a)(4)unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission and formulating the guidelines…"**

---

1. In Lara, the court found departure permissible because of defendant's potential for victimization due to his diminutive size defendant's potential for victimization due to this diminutive size immature appearance and bi-sexual orientation Id. at 601

See <u>Smith,</u> 27 F.3d. at 651.Ch. 1,Pt. A, 4(b) of the guidelines provides that such departures will be highly infrequent. Also see <u>Smith,</u> 27 F.3d. at 655.

The Bureau of Prisons policy on the matter allows assignment to a minimum security prison or community correction center for deportable aliens who have a history of strong family or community ties, of the domicile in the U.S. of 5 years or more, and stable employment. Programs Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9.Id. at 655. The Bureau Prisons applies the same criteria to its determination as to whether an alien is eligible for minimum security facility. Id.at 654.

The 9TH.Circuit has held that the fact of deportability, without more, is insufficient to warrant a downward departure under U.S.S.G. 5K2.0. <u>United States v. Cubillos</u>, 91 F.3d. 1342(9TH.Cir.1996). It further held that "the district courts must make a refined assessment of the many facts bearing on this outcome." <u>Id</u> @ 1345.Defendant takes the position that the circumstances described in the next section warranted that counsel argue for, and the court consider at sentencing, the effects of his mandatory INS detainer on defendant's incarceration.

2. <u>Ineffective Counsel</u>
Claims of ineffectivity of counsel must state that counsel's errors or omissions constituted a failure to exercise the skill and judgment of a reasonably competent attorney, and that counsel's deficient performance prejudiced Defendant. <u>Strickland v. Washington</u>,466 U.S. 668,686(1984).

In the instant case, counsel was aware that Defendant was an alien. Defendant speaks English only with difficulty.

-5-

Further, as stated above, the PSI makes it clear that defendant is subject to deportation. Counsel received the PSI at least 10 days prior to the day of sentencing. Counsel also notified defendant that he could be deported as a result of his conviction. Despite these flags, counsel inexplicably fails to raise deportability as a mitigating factor at sentencing or to advise Defendant of this form of relief.

This is even more perplexing in light of the A Attorney General's Sentencing Memorandum to all U.S. Attorneys dated April 28, 1995, authorizing prosecutors to agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for a alien's concession of deportability and agreement to accept a final order of deportability. Although the U.S. Attorney's Office for this district has chosen not to exercise such discretion, through this memorandum the Attorney General concedes that "such downward departure is justified on the basis it is conduct not contemplated by the guideline. See U.S.S.G 5k2.0." App. A at page 2. Counsel failed to raise this matter with the U.S. Attorney's Office during plea negotiation, thus inexplicable and gratuitously forfeiting this bargaining chip to Defendant's detriment.

This would be so bad were it not for Defendant's further ineligibility for BOP early release programs. Defendant is now rendered ineligible to participate in the Drug Rehabilitation Program as well. 18 U.S.C. 3621. Successful candidates typically obtain up to 1 year reduction sentence upon completion of the course.

Defendant's disqualification for community supervised "aftercare" as a result of his immigration detainer renders him ineligible for this program. 18 U.S.C. 3621(e).

Defendant is further barred from qualifying for early release pursuant to 18 U.S.C. 3624 (c), a program which enables the prisoner to be phased

into the community up to six months prior to his release date.

As an example of how these benefits create sentencing disparities, Defendant illustrates the following case: an American sentenced to 60 months for a drug offense is eligible for a maximum reduction in his sentence of 1 year drug program and 6 months halfway house. Without considering Good Conduct Time credits, which is common to all inmates, the American is out on the streets a year and a half earlier than his alien counterpart. This disparate treatment is undeserved, and constitutes a violation of equal protection of the laws. Cons. Amend. 14.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that this Honorable Court grand him a two point downward departure from his sentence.

Respectfully submitted this 6- day of March of 2001.

*Jesus J Vega O*
JESUS JAVIER VEGA-OLVERA
BOP# 66179-079
Cibola County Correction Center
P.O Box 3540
Milan, NM 87021

-7-

## CERTIFICATE OF SERVICE

I, JESUS JAVIER VEGA-OLVERA, Pro-se hereby certify under penalty of perjury, that on this date serve true and correct copies of 28 U.S.C. 2255 to vacate, set Aside or Correct Sentence upon the United States Attorney located at; 600 E. Harrison Street # 201 Brownsville, Texas. 78520.

Executed this 6 day of March 2001

Respectfully Submitted,

*Jesus J Vega Olvera*
JESUS JAVIER VEGA-OLVERA
66179-079   PRO-SE
Cibola County Correctional Center
P.O. Box 2540/2000 Cibola Loop
Milan, New Mexico. 87021