4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 22 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CR B-99-201 |
| | § | |
| JESUS JAVIER VEGA-OLVERA, | § | |
| Petitioner-Defendant | § | |
| (CA B-01-044) | § | |

## GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

On April 10, 2001, the Court ordered the Government to respond to Vega's 28 U.S.C. §2255 motion filed on March 19, 2001, by May 23, 2001. The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

Vega was charged in the Southern District of Texas, Brownsville Division, in Count One with being an alien found in the United States after having been deported and without the permission of the Attorney General, in violation Title 8 U.S.C. §1326. He pled guilty to the indictment on June 30, 1999, in conformance with a FED. R. CRIM. P. 11(e)(1)(B) plea agreement, before United States Magistrate Judge John Black (R. 15). In the plea agreement, in exchange for Vega's plea of guilty to the indictment, the Government agreed to recommend Vega receive full credit for "Acceptance of Responsibility", and be sentenced to the bottom of the Guideline level he scored (PSR 3).

The probation department scored him at base offense level 8, yet assessed a sixteen-level adjustment due to his prior conviction for harboring aliens, an aggravated felony, and recommended, in concert with the plea agreement, that he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a,b), which resulted in a total offense level score of 21. His criminal history score placed him in Criminal History Category Four, with a Guideline range of 57-71 months (PSR 29, 46). No objections were filed by either party (PSR Add. P. 14). Vega was serving four (4) separate terms of unsupervised probation for illegal entry (PSR 22-25).

On October 14, 1999, at sentencing, the district court sentenced Vega to fifty-seven (57) months imprisonment, to run consecutive to his revocation terms, followed by a three-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs (R. 25). The judgment was entered October 26, 1999. Vega timely filed notice of appeal. On July 10, 2000, the mandate was issued dismissing his appeal as frivolous and entered on July 12, 2000 (99-41241)(R. 31).

On March 19, 2001, Vega filed the instant "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255".

### III.

His pleading filed under §2255 is timely.

### IV.

The Government denies each and every allegation of fact made by Vega except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

2

## V.

## ALLEGATIONS

Vega alleges that his trial counsel provided constitutionally infirm representation. Counsel failed to perform a sufficient pre-trial investigation by failing to discover his eligibility for a downward departure as the result of his willingness to "accept deportation" ( Petitioner's brief page 3). Counsel failed to seek a downward departure due to Vega's "concession of deportation" and for the "disparate treatment" aliens receive by ineligibility for halfway house, drug aftercare, and minimum security housing.

Alternatively, Vega seeks a downward departure on this basis.

Vega's claim that he agrees to "accept deportation" is somewhat suspect, as Vega has been returned to Mexico on countless occasions in the past, yet has returned each time. The Government does not concede the underlying factual assertions by Vega and notes Vega has failed to satisfy his burden of proof in this regard.

## VI.

## VEGA'S BURDEN

A. <u>In the context of §2255.</u>

Vega must first address the cause/prejudice requirement. To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584,

3

1594 (1982); or (2) that he is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

The cause-and-prejudice standard is met by allegation and proof of ineffective assistance of counsel in certain circumstances. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder would have convicted him." *Id.* (citations and quotations omitted).

To establish ineffective assistance of counsel, the §2255 petitioner must allege and prove: (1) that his counsel's performance was deficient; and (2) that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Gaudet,* 81 F. 3d. at 591; *United States v. Walker,* 68 F. 3d 931, 934 (5th Cir. 1995); *see also Glover v. United States*, 531 U.S. at __, no. 99-08576 (January 9, 2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable. *Walker,* 68 F. 3d at 934. Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068; *accord Glover*, 531 U.S. at ___ (No. 99-8576) at *4(citing, *inter alia, Strickland).* Significantly, the petitioner making the claim of ineffective assistance

4

must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods*, 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'")(quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). In an ineffective assistance claim in the context of a sentencing hearing, prejudice means that "but for counsel's error, his sentence would have been significantly less harsh". *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim of ineffective assistance. *Stewart*, 207 F.3d at 751. A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987).

Vega alleges "ineffective assistance" in his trial counsel failing to obtain a downward departure for Vega's "acceptance of deportation" and for the collateral

5

consequences of conviction, particular to aliens. Vega bases his argument upon out-of-circuit decisions.

However, with the streamlining of the law for the "removal" of aliens in 1996 in the Illegal Immigration Reform and Immigration Responsibility Act of 1996, the burden upon the Government in deporting and removing aliens was greatly reduced, to the effect that voluntary deportation ceased to be a significant benefit to the government. "Stipulation of deportation" no longer represents a justifiable basis for departure. *United States v. Galvez-Falconi*, 174 F.3d 255, 259 (2nd Cir. 1999).

The issue of an alien's eligibility for a downward departure due to collateral consequences, was decided by the Fifth Circuit six years prior to Vega's conviction in *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993). The Fifth Circuit does not now, nor has it ever sanctioned such downward departures. Although it is true than under *United States v. Koon*, 518 U.S. 81, 116 S.Ct. 2035 (1996), circuit courts may no longer categorically proscribe a basis for departure, the departure sought by Vega must fail as they do not fall outside the "heartland". As 18 U.S.C. §3624(c) prohibits the assignment of aliens to halfway houses, it is presumed that the United States Sentencing Commission considered the "statutory and regulatory structures upon which an informed sentencing treatment of immigration offenses significantly depended." *United States v. Clase Espinal*, 115 F.3d 1054, 1057 (1st Cir. 1997); *United States v. Angel-Martinez*, 988 F.Supp. 475, 484 (D.N.J. 1997). A §2255 can not substitute for his failure at sentencing to seek a downward

6

departure. *United States v. Payne,* 99 F.3d 1273, 1281-82 (5th Cir. 1996); *Garcia v. United States*, 1998 WL 37515 (S.D.N.Y.).

As the premises upon which Vega's complaints are based have no legal support, Vega's counsel's performance can not be shown to be deficient under *Strickland*. Since Vega has failed to demonstrate he was eligible for the alleged departures, he can show neither "cause" nor "prejudice" by his attorney's "failure" to request the departures. Further, Vega does not allege he is innocent. He, therefore, fails the 'miscarriage of justice' test.

Vega seeks the instant redress of 'downward departure'. Such request however must fail, as it represents an application of the sentencing guidelines, a redress not cognizable under §2255. *United States v. Payne,* 99 F.3d 1273, 1281-82 (5th Cir. 1996); *Thomas v. United States,* 1995 WL 590650 (SDNY).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Vega's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, May 21, 2001, addressed to:

Jesus Javier Vega-Olvera
No. 66179-079
F.C.I., Big Springs
3711 Wright Ave.
Big Springs, Texas, 79720

_____
MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent-Plaintiff<br><br>vs.<br><br>Jesus Javier Vega-Olvera,<br>    Petitioner-Defendant<br>    (CA B-01-044) | §<br>§<br>§<br>§    CR B-99-201-01<br>§<br>§<br>§<br>§ |

## RECOMMENDED ORDER

The Court, having considered Vega's motion under 28 U.S.C. § 2255 to vacate sentence and the Government's response, concludes that dismissal of the cause is warranted. Vega has failed to overcome the jurisdictional burden of demonstrating cause and prejudice for failure to pursue his claim on direct appeal. Even if the merits were reached, the legal foundation of his 'ineffective assistance' complaints are wholly lacking. Further, the record is insufficient to support the substance of each of his claims.

Therefore, Vega's motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2001 at Brownsville, Texas.

_____
JOHN W. BLACK
UNITED STATES MAGISTRATE JUDGE