5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUL 1 9 2001**



JESUS JAVIER VEGA-OLVERA          *

          VS          *   C.A. NO. B-01-044

UNITED STATES OF AMERICA      *   (CR. NO. B-99-201)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Petitioner Jesus Javier Vega-Olvera (Petitioner) was charged in count one with being an alien found in the United States after having been deported and without consent of the Attorney General, 8 U.S.C.§ 1326.  On June 30, 1999, Petitioner pled guilty.

On October 14, 1999, the district court sentenced Petitioner to fifty-seven (57) months imprisonment, to run consecutively to his revocation term, to be followed by a three-year term of supervised release. Petitioner timely appealed and on July 12, 2000, a mandate was issued dismissing his appeal as frivolous. (99-41241) (R.31). On March 19,2001, Petitioner timely filed the instant "Motion to Vacate, Set  Aside, or Correction Sentence Pursuant to 28 U.S.C. § 2255."

In his petition, Petitioner alleges that his trial counsel was "ineffective" because she failed to perform a sufficient pretrial investigation, thus failing to discover his eligibility for a downward departure as the result of his willingness to "accept deportation" (Petitioner's Brief, p.3) (Docket No. 1).

## PETITIONER'S BURDEN

A.   <u>In the context of § 2255</u>.

Petitioner must first address the cause/prejudice requirement. To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from alleged error <u>see</u> <u>United States v. Frady</u>, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982); or (2) that he is actually innocent. <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

The cause-and-prejudice standard is met by allegation and proof of ineffective assistance of counsel in certain circumstances. <u>United States V. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996). "'Actual innocence' means 'factual innocence,' and not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); <u>United States v. Torres</u>, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the

2

CUtePDF - www.fastio.com

petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder would have convicted him." Id. (citations and quotations omitted).

To establish ineffective assistance of counsel, the § 2255 petitioner must allege and prove: (1) that his counsel's performance was deficient; and (2) that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Gaudet, 81 F.3d at 591; United States v. Walker, 68 F.3d 391, 934 (5th Cir. 1995); see also Glover v. United States, 531 U.S. at ___, no.99-08576 (January 9, 2001) (discussing factors to consider in evaluating claim of demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable. Walker, 68 F.3d at 934. Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; accord Glover, at 531 U.S. at ____ (No. 99-8576) at *4 (citing, inter alia, Strickland). Significantly, the petitioner making the claim of ineffective assistance must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgment. Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Mere conclusory allegations are insufficient to

3

raise a constitutional issue in a habeas case. <u>Untied States v.</u> <u>Woods</u>, 870 F.2d 285, 288 n.3 (5th Cir. 1989); <u>Schlang v. Heard</u>, 691 F.2d 796, 799 (5th Cir. 1982); <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993) ("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'") (<u>quoting</u> <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. at 2064). In an ineffective assistance claim in the context of a sentencing hearing, prejudice means that "but for counsel's error, his sentence would have been significantly less harsh." <u>United</u> <u>States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).

Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim of ineffective assistance. <u>Stewart</u> 207 F.3d at 751. A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. <u>Micheaux v. Collins</u>, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the <u>Strickland</u> test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. <u>United States v. Abner</u>, 825 F.2d 835, 846 n.18 (5th Cir. 1987).

4

Petitioner alleges "ineffective assistance" in his trial counsel failing to obtain a downward departure of Petitioner's "acceptance of deportation" and for the collateral consequences of conviction, particular to aliens. Petitioner bases his argument upon out-of-circuit decisions.

However, with the streamlining of the law for the "removal" of aliens in 1996 in the Illegal Immigration Reform and Immigration Responsibility Act of 1996, the burden upon the government in deporting and removing aliens was greatly reduced, to the effect that voluntary deportation ceased to be a significant benefit to the government. "Stipulation of deportation" no longer represents a justifiable basis for departure. United States v. Galvez-Falconi, 174 F.3d 255, 259 (2nd Cir. 1999).

The issue of an alien's eligibility for a downward departure due to collateral consequences, was decided by the Fifth Circuit six years prior to Petitioner's conviction in United States v. Nnanna, 7 F.3d 420 (5th Cir. 1993). The Fifth Circuit does not now, nor has it ever, sanctioned such downward departures. Although it is true that under United States v. Koon, 518 U.S. 81, 116 S.Ct. 2035 (1966), circuit courts may no longer categorically proscribe a basis for departure, the departure sought by the Petitioner must fail as they do not fall outside the "heartland." As 18 U.S.C.

5

§ 3624(c) prohibits the assignment of aliens to halfway houses, it is presumed that the United States Sentencing Commission considered the "statutory and regulatory structures upon which an informed sentencing treatment of immigration offenses significantly depended." <u>United States v. Clase Espinal</u>, 115 F.3d 1054, 1057 (1st Cir. 1997); <u>United States v. Angel-Martinez</u>, 988 F.Supp. 475, 484 (D.N.J. 1997). A § 2255 cannot substitute for his failure at sentencing to seek a downward departure. <u>United States v. Payne</u>, 99 F.3d 1273, 1281-82 (5th Cir. 1996); <u>Garcia v. United States</u>, 1998 WL 37515 (S.D.N.Y.).

As the premises upon which the Petitioner's complaints are based have no legal support, Petitioner's counsel's performance cannot be shown to be deficient under <u>Strickland</u>. Since Petitioner has failed to demonstrate he was eligible for the alleged departures, he can show neither "cause" nor "prejudice" by his attorney's "failure" to request the departures. Further, Petitioner does not allege he is innocent. He, therefore, fails the "miscarriage of justice" test. Petitioner seeks the instant redress of "downward departure." Such request, however, must fail as it represents an application of the sentencing

6

guidelines, a redress not cognizable under § 2255. <u>United States v. Payne</u>, 99 F.3d 1273, 1281-82 (5th Cir. 1996); <u>Thomas v. United States</u>, 1995 WL 590650 (S.D.N.Y.)

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this ___19th___ day of **July 2001.**


_____
Felix Recio
United States Magistrate Judge

7